*179 The opinion of the Court was delivered by
Wardlaw, J.
The points presented by the grounds of appeal were all decided when this case was before this Court last December, except the question about interest, contained in the sixth ground. Upon that question no opinion was before given, because the objection which was then made to the time when credit was entered did not require its consideration. '
It is easy to imagine cases in which hardship and injustice must result from the delay of a defendant, after he has been convicted of bastardy, to enter into the recognizance required from him; and for prevention of these mischiefs in any case that may arise, we can suggest nothing now permitted by the law but speedy and vigorous prosecution. The statute law now of force against bastardy (Mag. Act of 1839, § 12; 11 Stat.) shows that a recognizance with sureties in the penal sum of three hundred dollars, conditioned for the annual payment of twenty-five dollars for twelve years, is the extreme and only exaction which can be enforced against a defendant convicted of bastardy, who complies with the requisition of that law. In default of this recognizance, the defendant might have been bound to service, before the amendatory Act of 1847, (12 Stat. 436;) but by that Act he is made “liable to execution as defendants convicted of misdemeanors are, provided that on the annual payment of the sum of twenty-five dollars the execution, except as to the costs, shall be stayed until another instalment falls due.” No matter how long the conviction may have been delayed, the execution is not authorized if the defendant, when required to do so, gives the recognizance; and there is no variation effected by delay in either the penal sum or the annual payment mentioned in the recognizance, which are precisely fixed by the Act. When, by the defendant’s failure in regard to the recognizance, he is subjected to execution, although the Act of 1847 does not, in so many words, specify the sum which the execution *180 may require to be collected, it is plain that it substitutes the execution for the recognizance, and contemplates like annual payments and like aggregate in both. We know no instance in wbicb a fixed penalty, prescribed for punishment of an offence, can, from delay or other circumstance, be increased by the Court, either by adding interest or otherwise. If it be insisted that the payments required by the bastardy law are intended to reimburse those who have made advances for the support of the bastard child, and that interest by common law attaches to the duty of reimbursement, we answer that the principles and practice, applicable to civil actions, cannot be extended to regulate the judgment which, according to the provisions of statutory law, follows conviction of a statutory offence.
It is ordered that so much of the order, which was made on circuit, as relates to interest be vacated, and that in other respects that order be affirmed.
Dunkin, C. J., and Inglis, A. J.; concurred.

Order modified.